**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001093
28-JAN-2019
07:52 AM**

NO. CAAP-14-0001093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF
TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON,
by and through its Board of Directors,
Plaintiff-Appellee,
v.
RAFAEL LOPEZ, JOSEPHINE LOPEZ,
Defendants-Appellants
and
JOHN DOES 1-10 AND JANE DOES 1-10,
Defendants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CIVIL CASE NO. 1RC14-1-05203)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

I.  **Introduction**

Applicant for Intervention/Appellant Jacques Bartholomew Garrett (**Garrett**) and Defendants/Appellants Rafael Lopez and Josephine Lopez (collectively, **the Lopezes**) appeal from the "Judgment for Possession" (**Judgment**) and "Writ of Possession," both entered on August 22, 2014, in favor of Plaintiff/Appellee Association of Apartment Owners of

Terrazza/Cortebella/Las Brisas/Tiburon (**AOAO**), in the District Court of the First Circuit, 'Ewa Division (**district court**).[1]

On appeal, Garrett and the Lopezes contend that the district court erred by denying both (1) Garrett's "Motion to Intervene," and (2) Garrett and the Lopezes' "Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction" (**joint motion to dismiss**). This case raises issues as to whether: the issuance of a certificate of title *number* on a Quitclaim Deed recorded in Land Court by the AOAO precluded Garrett from challenging title to the subject property (**Property**); and if not, whether Garrett sufficiently established that title to the Property is in question.

For the reasons discussed below, we hold that Garrett was not precluded from challenging title to the Property and sufficiently established that title to the Property is in question. Thus, the district court lacked jurisdiction.

## II. Background

### A. Facts

The Property is a unit located at 91-248 Makalauna Place, 'Ewa Beach, Hawai'i 96706 in the condominium project known as Cortabella Phase 6. On or about February 9, 2009, Garrett purchased the Property via an Apartment Deed, subject to, among other things, the "By-laws of the Association of Apartment Owners of Cortabella, Phase 6" (**Bylaws**).

On October 12, 2009, the AOAO filed a "Notice of Lien for Unpaid Assessments" at the Office of the Assistant Registrar, Land Court, State of Hawai'i (**Land Court**).

On March 14, 2011, the AOAO purported to foreclose its lien on the Property via a power of sale foreclosure procedure pursuant to Hawaii Revised Statutes (**HRS**) §§ 514B-146 and 667-5 through 667-10, and recorded its "Notice of Association's Non-Judicial Foreclosure Under Power of Sale" with the State of Hawai'i Bureau of Conveyances.

---

[1] The Honorable Paul B.K. Wong entered the Judgment and Writ of Possession.

On May 3, 2011, the AOAO, by and through its attorneys, conducted a public auction sale and, there being no other bidders present, declared the Property sold to the AOAO.

On May 18, 2011, the AOAO recorded its "Affidavit of Non-Judicial Foreclosure Sale Under Power of Sale" (**Affidavit**) at the Land Court as document no. 4,073,851.

On May 23, 2011, the AOAO filed a Quitclaim Deed at the Land Court, conveying the Property to the AOAO. The Land Court issued certificate of title no. 1,024,156 on the Quitclaim Deed.

On June 22, 2011, the AOAO entered into a rental agreement with the Lopezes and Chantel Aduna. The agreement was to run from July 1, 2011 to December 31, 2011. The AOAO asserts the Lopezes repeatedly failed to pay the monthly rent as provided in the agreement.

B.    **Procedural History**

On June 17, 2014, counsel for the AOAO wrote a letter to the Lopezes regarding their alleged default under the terms of the rental agreement and demanding payment in the amount of $40,515 within five business days.[2] The letter also notified the Lopezes that any failure to comply with the demand for payment would result in the AOAO pursuing their eviction.

On June 25, 2014, the AOAO filed a Complaint of Summary Possession to gain possession of the Property, alleging that the Lopezes had failed to pay the amount demanded.

On July 28, 2014, Garrett filed a motion to intervene and, together with the Lopezes, a joint motion to dismiss asserting that the district court lacked jurisdiction regarding the AOAO's Complaint. Attached to the motions was a Hawai'i District Court Rules of Civil Procedure (**HDCRCP**) Rule 12.1[3]

---

[2]    $40,515 is the sum of $37,000 in overdue rent through June 2014, plus $3,515 in late charges.

[3]    HDCRCP Rule 12.1 provides:

   **Rule 12.1.   Defense of title in district courts.**

      *Pleadings.*   Whenever, in the district court, in
                                          (continued...)

Declaration by Garrett, asserting that he had superior title to the Property because, *inter alia*, the AOAO did not have authority to conduct the non-judicial foreclosure.

On August 14, 2014, the district court held a hearing on the motions and orally denied them.

On August 22, 2014, the district court entered its Judgment and Writ of Possession in favor of the AOAO, effective "[f]orthwith."

On August 29, 2014, the Lopezes filed a timely Notice of Appeal. The Lopezes then filed an Amended Notice of Appeal, adding Garrett as an Applicant for Intervention, on September 3, 2014. The Lopezes and Garrett filed a Second Amended Notice of Appeal on September 5, 2014. In the Second Amended Notice of Appeal, the Lopezes and Garrett stated:

> [f]ollowing a hearing on August 14, 2014, "(1) Jacques Bartholomew Garrett's Motion to Intervene, and (2) Jacquest [sic] Bartholomew Garrett and Defendants Rafael Lopez and Josephine Lopez's [sic] Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction" filed July 28, 2014, was erroneously denied by the Court. [The AOAO's] counsel failed to prepare an order denying that motion pursuant to Rule 23 of the Hawaii Rules of the District Courts, and caused the aforementioned judgment for possession and writ of possession to be prematurely entered anyway. Nevertheless, the Lopezes and Bartholomew hereby appeal from the District Court's decision denying that motion. A copy of the District Court's minutes for the August 14, 2014 hearing are attached[.]

On February 19, 2015, the district court entered its written "Order Denying (1) [Garrett's] Motion to Intervene, and

---

(...continued)

> defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(2) [Garrett] and [the Lopezes'] Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction."[4]

## III. Standard of Review

### A. Subject Matter Jurisdiction

The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Lingle v. Hawai'i Gov't Emps. Ass'n, AFSCME, Local 152, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005).

### B. Motion to Intervene

"An order denying an application for intervention by right under Rule 24(a)(2), [Hawai'i Rules of Civil Procedure (**HRCP**)], . . . is reviewable under the right/wrong standard of review." Baehr v. Miike, 80 Hawai'i 341, 343, 910 P.2d 112, 114 (1996) (citing Kim v. H.V. Corp., 5 Haw. App. 298, 301, 668 P.2d 1158, 1160 (1984)).[5]

## IV. Discussion

### A. Certificate of Title

In Aames Funding Corp. v. Mores, 107 Hawai'i 95, 101, 110 P.3d 1042, 1048 (2005), the Hawai'i Supreme Court held with regard to Land Court property that challenges to foreclosures

---

[4] The Honorable Michael K. Tanigawa presided at the August 14, 2014 hearing and entered the February 19, 2015 order.

[5] HRCP Rule 24(a)(2) provides that:

**Rule 24. Intervention.**

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The text of HDCRCP Rule 24(a) and HRCP Rule 24(a) are materially similar. Thus, we apply the same standards as those applicable to HRCP Rule 24(a)(2). See, e.g., Hosaka v. Hosaka, No. 30416, 2012 WL 5831181, *1 (Hawai'i App. Nov. 16, 2012) (SDO) ("In all respects relevant to this appeal, [Hawaii Family Court Rules] Rule 24(a)(2) is identical to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a)(2). Thus, we apply the same standards as those applicable to HRCP Rule 24(a)(2).").

based on a mortgagee's power of sale must be raised prior to the entry of a new certificate of title. The supreme court's holding relied on, *inter alia*, HRS § 501-118 (2006) which provides:

> **§501-118. Foreclosure.**
>
> . . . .
>
> In case of foreclosure by exercising the power of sale without a previous judgment, the affidavit required by chapter 667 shall be recorded with the assistant registrar. The purchaser or the purchaser's assigns at the foreclosure sale may thereupon at any time present the deed under the power of sale to the assistant registrar for recording and obtain a new certificate. Nothing in this chapter shall be construed to prevent the mortgagor or other person in interest from directly impeaching by action or otherwise, any foreclosure proceedings affecting registered land, prior to the <u>entry of a new certificate of title</u>.
>
> After a <u>new certificate of title has been entered</u>, no judgment recovered on the mortgage note for any balance due thereon shall operate to open the foreclosure or affect the title to registered land.

(Emphasis added).

Garrett and the Lopezes argue that because the AOAO obtained only a transfer certificate of title <u>number</u> from the Land Court pursuant to their Affidavit and Quitclaim Deed, and not an actual Certificate of Title, no law prevents Garrett from contesting title pursuant to the underlying unauthorized non-judicial foreclosure. The AOAO disagrees, and argues that under <u>Aames</u>, its title to the Property became conclusive and unimpeachable upon issuance of the transfer certificate of title number alone.

Recently, the supreme court held in <u>Wells Fargo Bank, N.A. v. Omiya</u>, 142 Hawai'i 439, 420 P.3d 370 (2018) that assignment of a new transfer certificate of title <u>number</u> by the Land Court does not demonstrate that a new certificate of title has been duly prepared and entered, as required to invoke the statutory protection provided by HRS § 501-118. <u>Id.</u> at 455, 420 P.3d at 386.

In that case, Omiya, who had purchased property at a non-judicial foreclosure sale, presented a quitclaim deed to the Assistant Registrar of the Land Court, who stamped it with the

6

date and time. Id. That stamp registered the quitclaim deed, making it effective as a conveyance. Id. (citing HRS §§ 501-101, 501-107 (Supp. 2016)) (footnote omitted). However, the supreme court noted that "HRS § 501-118 specifies 'entry of a new certificate of title' as the determinative point when foreclosure proceedings may no longer be impeached[,]" and held that the plain meaning of "entry of a new certificate of title" "clearly contemplates the transcription of information into some common repository, and not merely the acceptance or stamping of an existing document." Id. at 449-50, 420 P.3d at 380-81 (citing Entry, Black's Law Dictionary (10th ed. 2014) ("An item written in a record; a notation.")) (Emphasis in original). The supreme court's analysis of the legislative history of HRS § 501-118 and other statutes, *in pari materia*, supported the same conclusion. Id. at 449-53, 420 P.3d at 380-84.

The supreme court thus concluded that registering a quitclaim deed and receipt of a stamped number "is not equivalent to the creation or entry of a new certificate of title. . . . [T]he evidence does not show that a new certificate of title was entered; had one been created, a certified and sealed copy of the certificate would have been admissible as evidence." Id. at 455, 420 P.3d at 386 (citing HRS § 501-88 (2006) (certified and sealed copies of certificates "shall be received as evidence in all the courts of the State")). The supreme court specifically noted that:

> the stamp on the quitclaim deed in this case reads "Issuance of Cert(s) 996,234." . . . But, as explained, assignment of a new TCT number does not demonstrate that a new certificate of title has been duly prepared and entered. Thus, the record in this case does not show that "a new certificate of title has been entered," which is required to invoke the statutory protection provided by HRS § 501-118.

Id. (footnote omitted). As a result, the supreme court held that summary judgment was improperly granted in favor of Omiya because he relied on the transfer certificate of title number to demonstrate that a new certificate had been issued. Id. at 456, 420 P.3d at 387.

In the instant case, the stamp on the AOAO's Quitclaim Deed reads "Issuance of Cert(s) 1,024,156."  No certified and sealed copy of a Certificate of Title is present in the record on appeal, nor does the AOAO argue that one exists.  Based on Omiya, Garrett's assertion of interest in the Property is not barred by HRS § 501-118.

### B.    Joint Motion to Dismiss

Garrett and the Lopezes argue that because Garrett's declaration attached to his motion to intervene and the joint motion to dismiss was sufficient under HDCRCP Rule 12.1, the district court lacked jurisdiction over the proceeding pursuant to HRS § 604-5(d) (2016).[6]

HDCRCP Rule 12.1 was adopted to prevent abuse of HRS § 604-5(d) by requiring a defendant challenging the district court's jurisdiction to file an affidavit describing the defendant's claim to title with specificity.  Ass'n of Apartment Owners of Century Center, Inc. v. Nomura, No. CAAP-15-0000119, 2016 WL 2940855, *3 (Hawaiʻi App. May 11, 2016) (Mem. Op.) (citing Deutsche Bank Nat'l Tr. Co. v. Peelua, 126 Hawaiʻi 32, 36, 265 P.3d 1128, 1132 (2011)).[7]  The Hawaiʻi Supreme Court has explained:

---

[6]  HRS § 604-5(d) provides:

> §604-5  Civil jurisdiction.
>
> . . . .
>
> (d) The district courts shall not have cognizance of real actions, nor <u>actions in which the title to real estate comes in question</u>, nor actions for libel, slander, defamation of character, malicious prosecution, false imprisonment, breach of promise of marriage, or seduction; nor shall they have power to appoint referees in any cause.

(Emphasis added).

[7]  Although HDCRCP Rule 12.1 specifically calls for an "affidavit" of the defendant, Hawaiʻi appellate courts have also deemed declarations acceptable.  See Aames, 107 Hawaiʻi at 99, 110 P.3d at 1046 (holding that appellees' "declaration and subsequent motion to dismiss together may be construed as fulfilling the HDCRCP Rule 12.1 requirement that a defense to title be asserted in a 'written motion' or 'written answer[.]'"); Nomura, 2016 WL 2940855, at *3-6.

> [T]he source, nature, and extent of title claimed by the
> defendant, must be described to the court with some detail
> and specificity.  In addition to particularly describing the
> source, nature, and extent of title, the defendant may also
> include in the affidavit any other particulars, the
> objective being to apprise the court fully of the nature of
> the defendant's claim.  This, in turn, would obviate the
> risk of dishonest and reckless pleas[.]

Peelua, 126 Hawaiʻi at 37, 265 P.3d at 1133.

Nomura provides helpful guidance.  In Nomura, an AOAO had acquired its interest in the subject unit through a non-judicial foreclosure of a lien for payments owed to the AOAO, and the AOAO thereafter filed a summary possession complaint in district court.  2016 WL 2940855, at *1-2.  The Nomura defendants filed a motion to dismiss, supported by their joint declaration, asserting that they had purchased the unit and obtained title through a quitclaim deed, which they attached as an exhibit; that the non-judicial foreclosure under power of sale by which the AOAO had acquired its interest was invalid because the AOAO's governing documents did not authorize it to conduct a non-judicial foreclosure by power of sale; and therefore, the district court lacked subject matter jurisdiction because the case was "an action in which the title to real property is in dispute."  Id. at *2-4.  We held in Nomura that the defendants "have sufficiently set forth the scope, nature, and extent of their claim to title to the land in question[,]" and "[t]herefore, the district court was without jurisdiction under HRS § 604-5(d) because title to the land in question was at issue."  Id. at *5.

In the instant case, Garrett submitted an HDCRCP Rule 12.1 declaration in support of his motion to intervene and the joint motion to dismiss, attesting that:  (1) Garrett is the rightful and superior title holder of the subject Property and is a member of the AOAO; (2) Garrett purchased the Property in February 2009 from Frederick Ordonez Esperenza, Marie Grace Gagarin Ganiron Esperenza, and Flordeliza Gagarin Ganiron; (3) the attached Exhibit 1 – Garrett's Apartment Deed to the

Property, recorded as Document No. 3828726 on February 13, 2009, represents "the source of my claim to superior [title] herein"; (4) the AOAO Bylaws did not contain a power of sale by non-judicial foreclosure, and thus the sale to itself was void because it was not conducted in compliance with its own Bylaws or HRS § 667, Chapter 514A, or Chapter 514B; (5) Garrett, as owner and superior title holder to the Property, is entitled to all rent and money that the AOAO wrongly collected from the Lopezes; (6) the AOAO previously filed an action for ejectment in the district court, for which the district court held that it lacked subject matter jurisdiction pursuant to HRS § 604-5(d) and dismissed the case; (7) by filing the instant action, the AOAO seeks to assert ownership over the Property and collect rents under the rental agreement with the Lopezes; (8) if Garrett is not allowed to intervene, his ability to protect his ownership interests in the Property will be severely impeded; (9) no other named parties in the instant case will adequately protect Garrett's ownership interest in the Property; and (10) Garrett filed the motion to intervene and joined the motion to dismiss seeking to assert ownership interest in the Property.

Garrett, like the appellants in Nomura, has sufficiently set forth the scope, nature, and extent of his claim to the Property. See also Fed. Nat. Mortg. Ass'n v. Brown, No. CAAP-11-0000572, 2014 WL 2095045, at *5 (Hawaiʻi. App. May 19, 2014). Garrett's claim to title arises from the Apartment Deed recorded on February 13, 2009 conveying title to the Property to Garrett.

Garrett has also set forth with particularity the basis of his challenge to the AOAO's claim to superior title, sufficient to apprise the district court as to how his allegation bears on the question of title. See Peelua, 126 Hawaiʻi at 38-39, 265 P.3d at 1134-35. Specifically, Garrett's declaration raised the contention that the AOAO's non-judicial foreclosure and any subsequent attempt to transfer title to the Property are void and unenforceable, because the AOAO did not have the right

10

to conduct a non-judicial foreclosure over the Property. As this court recently held in <u>Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch</u>, 143 Hawai'i 219, 426 P.3d 443 (App. 2018), a power of sale in favor of a foreclosing association must exist in the association's bylaws or another enforceable agreement with its unit owners in order for the association to avail itself of the non-judicial power of sale foreclosure procedures set forth in HRS chapter 667. <u>Id.</u> at 220-21, 426 P.3d at 444-45. We also held that neither HRS §§ 514A-90 nor 514B-146 authorize an association to conduct a non-judicial or power of sale foreclosure other than as provided in HRS chapter 667, which in turn does not authorize a non-judicial power of sale foreclosure absent an otherwise existing power of sale. <u>Id.</u> at 452, 426 P.3d at 228.

In the instant case, the AOAO's Affidavit of Non-Judicial Foreclosure Under Power of Sale and the Quitclaim Deed, transferring the Property from the AOAO to the AOAO, cite HRS §§ 667-5 through 667-10, Chapters 514A and 514B, HRS § 514B-146, "the Declaration of Condominium Property Regime for 'Cortebella, Phase 6' Condominium Project," and the Bylaws as the sources of the AOAO's authority to conduct the nonjudicial power of sale foreclosure on the Property. In light of our holding in <u>Sakal</u> and the record in this case, it appears that the facts elucidated in Garrett's declaration are not speculative, but clearly state the grounds upon which Garrett challenges the AOAO's claim to title.[8] *Cf.* <u>U.S. Bank Nat'l Ass'n v. Castro</u>, 131 Hawai'i 28, 38, 313 P.3d 717, 727 (2013) (holding that assertions in a

---

[8] We note that although Garrett was not a named party in the underlying district court case, the district court could properly consider the contents of his declaration in assessing his motion to intervene and the joint motion to dismiss. <u>See</u> <u>Ass'n of Apartment v. Thai Hawaiian Massage, Inc.</u>, Nos. CAAP-14-0000436 and CAAP-14-0001238, 2016 WL 3524592 (Hawai'i App. Jun. 24, 2016) (SDO) (holding that a non-party to a summary possession district court case sufficiently set forth the scope, nature, and extent of its claim to title in the disputed property via a declaration attached to its motion to intervene and joint motion to dismiss filed with defendants-occupants of the property, thereby raising a question as to title such that the district court lacked jurisdiction under HRS § 604-5(d)).

declaration challenging the validity of a non-judicial foreclosure did not establish how the assertions affected the defendant's claim to title).

The AOAO's Answering Brief additionally cites HRS § 667-102 (2016), effective June 28, 2012, to argue that the AOAO alone has an interest in the Property. HRS § 667-102 provides, in relevant part:

> **[§ 667-102] Recordation of affidavit, conveyance document; effect.** (a) The affidavit required under section 667-101 and the conveyance document shall be recorded no earlier than ten days after the public sale is held but not later than forty-five days after the public sale is held. The affidavit and the conveyance document may be recorded separately and on different days. After the recordation, the association shall mail or deliver a recorded copy to those persons entitled to receive the public notice of the public sale under section 667-96(c).
>     (b) When both the affidavit and the conveyance document are recorded:
>       (1) The sale of the unit is considered completed;
>       (2) All persons claiming by, through, or under the unit owner and all other persons having liens on the unit junior to the lien of the association shall be forever barred of and from any and all right, title, interest, and claims at law or in equity in and to the unit and every part of the unit, except as otherwise provided by law;
>       (3) The lien of the association and all liens junior in priority to the lien of an association shall be automatically extinguished from the unit; and
>       (4) The purchaser shall be entitled to immediate and exclusive possession of the unit.
>     (c) The unit owner and any person claiming by, through, or under the unit owner and who is remaining in possession of the unit after the recordation of the affidavit and the conveyance document shall be considered a tenant at sufferance subject to eviction or ejectment. The purchaser may bring an action in the nature of summary possession under chapter 666, ejectment, or trespass or may bring any other appropriate action in a court where the unit is located to obtain a writ of possession, a writ of assistance, or any other relief. In any such action, the court shall award the prevailing party its reasonable attorneys' fees and costs and all other reasonable fees and costs, all of which are to be paid for by the non-prevailing party.

(Emphasis added). The enactment of HRS § 667-102, which became effective after the relevant events in the instant case, may potentially raise an additional issue regarding title to the Property.

Based on the foregoing, we hold that the district court was without jurisdiction under HRS § 604-5(d) because title to the Property is at issue.

C.    **Motion to Intervene**

In light of our holding regarding the district court's lack of jurisdiction, it would appear that the issue of whether Garrett's motion to intervene was properly denied or not is now moot. *Cf.* McCabe Hamilton & Renny Co., Ltd. v. Chung, 98 Hawai'i 107, 117, 43 P.3d 244, 254 (App. 2002) ("Were we to conclude on the merits that the Union should have been granted leave to intervene, we would be in the surreal position of granting the Union leave to intervene in proceedings that no longer exist") (citing U.S. v. Ford, 650 F.2d 1141, 1143 (9th Cir. 1981)).

**V.    Conclusion**

The "Judgment for Possession" and "Writ of Possession," both entered on August 22, 2014, in the District Court of the First Circuit, 'Ewa Division, are vacated.  This case is remanded to the district court with instructions to dismiss the summary possession action for lack of jurisdiction.

DATED:  Honolulu, Hawai'i, January 28, 2019.


On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Appellants.

R. Laree McGuire,
Jennifer M. Porter,
Jamila E. Jarmon,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

13